IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHN PETRONE,

   Petitioner,

vs.

JOSE VASQUEZ, Warden,

   Respondent.

CIVIL ACTION NO.: CV205-135

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John Petrone ("Petrone"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of *habeas corpus* pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Petrone filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a jury trial, Petrone was convicted in the Southern District of Florida of violating 21 U.S.C. §§ 841 and 846. (Doc. No. 2.) The trial court sentenced him to 360 months' imprisonment. Petrone appealed his conviction, and the Eleventh Circuit Court of Appeals affirmed. Petrone filed a 28 U.S.C. § 2255 motion, which the trial court granted in part and denied in part. The trial court re-sentenced Petrone to 292 months' imprisonment on June 29, 2000. He appealed, and the Eleventh Circuit Court of Appeals affirmed. Petrone filed a motion to toll the one year statute of limitation to file a 28 U.S.C. § 2255 motion, which the trial court denied.

AO 72A
(Rev. 8/82)

In the instant petition, Petrone contests his sentence and conviction. Petrone claims that his sentence violates the decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). Petrone argues that he satisfies the savings clause of section 2255 because Blakley is a "watershed rule" and retroactively applicable on collateral review. (Doc. No. 2, p. 11.) Petrone contends that "no specific drug quantity charge was submitted to, nor returned by, the grand jury." (Id. at 13.) As a result, Petrone avers that this resulted in a failure to calculate the correct sentence and that he is "actually innocent." (Id. at 11.)

Respondent avers that Petrone's petition should be dismissed because he does not satisfy the savings clause of 28 U.S.C. § 2255. Respondent contends that Petrone has not demonstrated that the remedy provided by section 2255 is inadequate or ineffective. Respondent also contends that Petrone's arguments fail because Booker and Blakely are not retroactively applicable to cases on collateral review.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

2

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Petrone has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Petrone's argument misconstrues the retroactive impact on Booker, Blakely, and Apprendi. Petrone alleges that his 292 month sentence is illegal based on Booker. However, the Supreme Court has not made its decisions in Booker, Blakely, and Apprendi retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Apprendi was decided on June 26, 2000, Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. The trial court sentenced Petrone in 1992 and re-sentenced him on June 28, 2000. To allow Petrone to have his current requested relief pursuant to Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989). A new rule is not applied retroactively to cases on collateral review unless and until the Supreme Court expressly states that it should be applied retroactively. See In re Dean, 375 F. 3d 1287, 1290 (citing Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)). Petrone asserts that he raised Apprendi claims during re-sentencing and in his previous section 2255 motion. (Doc. No. 1, p. 2.) The denial of Petrone's previous section 2255 motion does not make the remedy provided by section 2255 inadequate or ineffective.

4

AO 72A
(Rev. 8/82)

Petrone has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. He cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Petrone is doing nothing more than "attempting to use § 2241... to escape the restrictions of § 2255." See Wofford, 177 F.3d at 1245. It is unnecessary to address Petrone's actual innocence claim. See id. 177 F.3d at 1244, n.3 (stating that a claim of actual innocence is the proper inquiry after it has been determined that the savings clause applies).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 7) be **GRANTED**, and Petrone's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED and RECOMMENDED**, this 29th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)